NO.  94-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN THE MATTER OF THE MENTAL
HEALTH OF A.H.

    Respondent and Appellant.



FILED

JUN 1 9 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lonnie Olson, Allen Smith, Jr., Mental
Disabilities Board of Visitors, Montana Advocacy
Program, Warm Springs, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Elizabeth
L. Griffing, Assistant Attorney General, Helena,
Montana; Mike McGrath, Lewis and Clark county
Attorney, K. Paul Stahl, Deputy Lewis and Clark
County Attorney, Helena, Montana

Submitted on Briefs:  June 13, 1995

Decided:  June 19, 1995

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The appellant, A.H., was detained in the Lewis and Clark County jail pursuant to criminal charges. She was taken from the jail to St. Peter's Community Hospital on January 10, 1994. Nancy Cobble prepared a mental evaluation report on January 10, 1994, and requested that a petition for the civil commitment of A.H. be filed. On January 10, 1994, a Petition for Involuntary Commitment was filed in the First Judicial District Court, Lewis and Clark County, alleging that A.H. was seriously mentally ill and requesting her commitment. The Petition requested that the court find that the January 10 report prepared by Nancy Cobble was sufficient to meet the requirements of § 53-21-123, MCA.

An initial appearance was made in the First Judicial District Court on January 10, 1994, and the court ordered that the report attached to the Petition completed by Nancy Cobble was sufficient to meet the requirements of § 53-21-123, MCA. No professional person was appointed by the court at the initial appearance to examine A.H.

A hearing was held before the District Court on January 11, 1994, at which time the District Court concluded A.H. had a mental disorder of "psychotic episode" and found that because of her current mental disorder and her recent behavior, A.H. was deprived of the ability to protect her life or health. A.H. was committed by the District Court to the Montana State Hospital by its order of January 11, 1994.

A.H. has appealed contending that she was deprived of her right to liberty without due process of law and that she was **committed to** Montana State Hospital in violation of mandatory statutory safeguards. In substance, A.H. contends that § 53-21-122, MCA, requires the appointment of a professional person and that § 53-21-123, MCA, provides as a mandatory requirement that following the initial hearing the respondent shall be examined by such professional person. A.H. contends that these statutory mandates were disregarded. The District Court failed to appoint a professional person and ordered that the report completed <u>before</u> the initial hearing was sufficient to meet the statutory mandate.

The Attorney General of the State of Montana has filed a Notice of Concession which states that this case does involve the appeal of commitment of A.H. pursuant to §§ 53-21-122 and 123, MCA. The Attorney General points out that the sole issue is whether the proper statutory procedures were followed. The Attorney General further points out that under In re R.M. (1995), 52 St.Rep. 68, 889 P.2d 1201 and In re D.H. (1995), 52 St.Rep. 294, this Court has rejected the same commitment procedures which were used in the present case. The Attorney General therefore concedes in behalf of the State of Montana that the District Court decision should be reversed.

This Court concludes that no further procedure is required in the present case.

We hold that the District Court erred when it failed to comply with the specific requirements of §§ 53-21-122 and 123, MCA; and

3

for that reason this Court reverses the order of commitment of A.H. to Montana State Hospital at Warm Springs, Montana.

Pursuant to Section I, Paragraph 3(C), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices.

June 19, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Lonnie J. Olson
Mental Disabilities Board of Visitors
P.O. Box 177
Warm Springs, MT 59756

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Mike McGrath
County Attorney
L & C County Courthouse
Helena, MT 59624

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy